# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>       Plaintiff,<br><br>   v.<br><br>CALDERON,<br><br>       Defendant. | Case No.  1:20-cv-00397-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 9) |

Plaintiff Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to appoint counsel, filed June 18, 2020. (ECF No. 9.)  In his motion, Plaintiff states that he is unable to afford counsel, and his imprisonment will greatly limit his ability to litigate.  In addition, Plaintiff states that he is currently being held in SHU placement, and due to the COVID-19 crisis the prison has completely shut down all law library access, and has been told that the law library will be accessible again when the COVID-19 pandemic is over.  Plaintiff states that it is only reasonable to appoint counsel.  (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily.  These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to determine whether it states cognizable claims upon which it may proceed, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Finally, the Court notes that if Plaintiff continues to experience limited or no access to the law library at his institution, he may seek appropriate extensions of time for any applicable deadlines.  However, at this time there are no pending deadlines in this action which would require Plaintiff to access the law library to conduct legal research.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 9), is HEREBY DENIED, without prejudice.
IT IS SO ORDERED.

Dated:   **June 23, 2020**           /s/ *Barbara A. McAuliffe*           
UNITED STATES MAGISTRATE JUDGE

2