# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>CALDERON,<br><br>  Defendant. | Case No. 1:20-cv-00397-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 18, 2020, is currently before the Court for screening. (ECF No. 1.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

1

Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Allegations in Complaint

Plaintiff is currently housed in California State Prison at Corcoran (Corcoran). The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison (KVSP). Plaintiff names S. Calderon, Correctional Officer, as the sole defendant.

Plaintiff alleges as follows.[1] On June 14, 2019, Plaintiff was on C-yard. The yard was on lockdown and movement was restricted. At the beginning of third watch, Defendant S. Calderon was running the showers and letting inmates out to shower. Plaintiff was the last of the bottom tier to go to the shower. When Plaintiff was let out of his cell, he was wearing a T-shirt and basketball shorts. S. Calderon, who was the tower officer, told plaintiff to take his top off. Plaintiff said he was a transgender woman and per PREA regulations, Plaintiff does not have to take his top off, exposing his breasts. Calderon yelled at Plaintiff that he did not care and told Plaintiff to take his top off. By this time, Plaintiff was in the shower and S. Calderon became infuriated and yelled "you faggots think you have all these rights and you don't." Plaintiff responded that Plaintiff would be filing a staff complaint. Calderon told Plaintiff that Calderon would write Plaintiff up since Plaintiff was playing games. Plaintiff alleges that his immediate safety was threatened by Defendant Calderon's actions. Plaintiff does not have to navigate throughout the institution topless, and Calderon abandoned his mandatory PREA and transgender training by sexually bullying Plaintiff into unnecessarily exposing his breasts. When Plaintiff informed Defendant Calderon that Plaintiff

---

[1] Plaintiff alleges that Plaintiff is a transgender woman, but does not refer to him/herself with a preferred pronoun. For purposes of this screening, the Court will refer to Plaintiff as "he," and in any amended complaint, Plaintiff should provide the preferred pronoun.

would be making a sexual misconduct claims, Calderon threatened him with consequences if he went through with it to discourage Plaintiff from holding Calderon accountable. Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

A week later, Plaintiff received a writ up from Calderon from the day Calderon sexually harassment and threatened Plaintiff. He had written a falsified write up. Plaintiff had not yet filed his own report of being harassed and now Plaintiff felt more fear for complaining about Calderon. Plaintiff did not want to file a report because of fear of retaliation from other officers. Plaintiff was in constant fear of retaliation and felt abused and depressed. Plaintiff attempted to commit suicide. He slit his wrists but survived. He was on suicide watch for a week. He returned to his building and after he talked with a counselor, Plaintiff decided to file his PREA report.

He was then told that Plaintiff would be going to C-status building because Calderon had written Plaintiff up. C-Status is a restrictive environment, where the inmate loses privileges, property is taken and you have shortened exercise, among other things. There was no way to escape Calderon's retaliation except to end his life. In July 2019, Plaintiff tied a bed sheet around his neck and jumped off the second tier. He has been on suicide watch ever since.

Plaintiff informed staff of Calderon's sexual misconduct and threats of retaliation. He was talked to once, but did not see them again. Plaintiff provides facts that he attempted to exhaust his administrative remedies, but he kept getting notices of delay.

Plaintiff alleges that Calderon willingly, knowingly and deliberately sexually harassed Plaintiff by telling plaintiff to expose his breasts and by retaliating against Plaintiff for reporting his sexual misconduct by falsifying documents. Calderon's actions were responsible for Plaintiff being placed in restrictive housing and his property being taken from him, his privileges removed, and his release date delayed. Plaintiff relies on Title 15, section 3401.5 which describes staff sexual misconduct. There was no legitimate reason to force Plaintiff to expose his breasts and in violation of Title 15 other than for sexual gratification. Plaintiff alleges he was retaliated against by Calderon for reporting staff misconduct Plaintiff alleges he was retaliated against for Plaintiff's threat to report staff misconduct and the threat was carried out by filing a false write up. Calderon told him that "you won't be able to report shit once I write you up." He made this threat and write up because

3

if he made a write up Plaintiff's complaint would not be credible. There was material adverse effect on Plaintiff from the false report in that Plaintiff was moved to a restrictive area and he lost his privileges and Plaintiff's release date was pushed back.

Plaintiff alleges violation of his First Amendment, Eighth Amendment, Ninth Amendment and Fourth Amendment.  Plaintiff alleges that he was deliberately deprived of necessities as he is a transgender woman who has the basic necessity to cover his breasts so that he is not sexually abused, which was taken from him by Defendant Calderon when he kept trying to get Plaintiff to expose his breasts.  Plaintiff also alleges there is a conspiracy to cover up his reporting and filing his claim.

Plaintiff seeks $1,355,000 in monetary damages, $250,000 for each violation of his constitutional rights.

**III.   Discussion**

Plaintiff's complaint does not state a cognizable claim for relief.  As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his allegations.

**A. Sexual Harassment**

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). As "sexual assault serves no valid penological purpose ... where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196

n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum,
> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not extend to all forms of sexual harassment. Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Patrick v. Hernandez, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants at plaintiff in a manner that suggested they wanted him to expose himself.); Bearchild, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution).

Here, Plaintiff has not alleged he was sexually assaulted. Plaintiff must therefore allege that there were no legitimate penological objective and that the statement made was so extreme

1  even for a prison setting and was calculated to cause psychological harm. Plaintiff alleges that
2  Defendant Calderon told Plaintiff to remove his shirt as Plaintiff was heading to the showers and
3  shouted an obscenity when Plaintiff failed to comply. Plaintiff does not allege that Defendant
4  knew of his transgender status or that there was not a legitimate penological reason for requiring
5  plaintiff to remove his shirt to go to the shower or that what occurred is "unusually gross even for
6  a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." As
7  alleged, these allegations are insufficient to state a cognizable sexual harassment claim. Plaintiff
8  will be granted leave to amend.

### B.  PREA Violation

10  "Section 1983 imposes liability on anyone who, under color of state law, deprives a
11  person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing
12  v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). "In order to seek
13  redress through § 1983, however, a plaintiff must assert the violation of a federal right, not merely
14  a violation of federal law." Id. (emphasis in original) (citing Golden State Transit Corp. v. Los
15  Angeles, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989) ). The PREA, 42 U.S.C. §
16  15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and
17  creation of a study commission," but there is nothing in the PREA to indicate that it created a
18  private right of action, enforceable under § 1983. Porter v. Jennings, No. 1:10-cv-01811-AWI-
19  DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021 (E.D. Cal. Apr. 25, 2012); see
20  also Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS
21  122791 (E.D. Cal. Dec. 15, 2009); Bell v. County of Los Angeles, No. CV 07-8187-GW(, 2008
22  WL 4375768, at *6, 2008 U.S. Dist. LE)XIS 74763 (C.D. Cal. Aug. 25, 2008); Inscoe v. Yates,
23  No. 1:08-cv-01588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295 (E.D. Cal.
24  Oct. 28, 2009); see also Blessing, 520 U.S. at 340-41, 117 S.Ct. 1353 (statutory provision gives
25  rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a
26  binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the
27  Act itself contains no private right of action, nor does it create a right enforceable under § 1983,
28  to the extent plaintiff is attempting to allege that his rights under the PREA have been violated, he

fails to state a claim for relief and the claims should be dismissed without leave to amend.

**C. Retaliation in Violation of the First Amendment**

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this' ") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017)  The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. Entler, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.).  See also McLaughlin v. Castro, No. 1:17-CV-1597-DAD-JLT (PC), 2019 WL 2544422, at *3 (E.D. Cal. June 20, 2019), report and recommendation adopted, No. 1:17-CV-01597-DAD (JLT), 2019 WL 4244529 *3 (E.D. Cal. Sept. 6, 2019) (finding sufficient retaliation claim where guard initiated false charges against inmate after inmate stated he would file a grievance against guard).

1   It is unclear from the allegations whether Plaintiff filed his misconduct complaint and when. The fact that Defendant issued a write up after plaintiff threatened to file a misconduct complaint is not enough, as a matter of law, to show that retaliation was a motivating or substantial factor behind Calderon's decision to write plaintiff up. Plaintiff has not alleged the action did not reasonably advance a legitimate correctional goal in light of whether there was a penological interest in requiring Plaintiff to remove his shirt as he was going to the shower. Plaintiff will be granted leave to amend.

**D. Conspiracy**

Plaintiff alleges that Defendant Calderon was in a conspiracy. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974). "[M]ore than vague conclusory allegations are required to state a [conspiracy] claim." Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

While Plaintiff alleges that Defendant conspired to violate his rights, he only makes vague conclusory allegations. There are no factual allegations suggesting that Defendant Calderon conspired with anyone to violate his rights.

///

///

8

**E. Grievances**[2]

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Plaintiff's complaint fails to state a claim based solely on the review, processing and/or denial of his grievances.

---

[2] CDCR has established expedited procedures for inmates and members of the public to report incidents of prison rape or other sexual abuse or harassment under PREA. Inmates are not relegated to using the prison administrative appeal process but "may report violations of this policy to any staff member verbally or in writing, utilizing the Inmate Appeals Process, through the sexual assault hotline, or through a third party." CDCR Department Operations Manual (DOM) § 54040.7. If an inmate chooses to use the administrative appeal process, an allegation of misconduct under PREA is designated an "emergency appeal" and submitted directly to the appeals coordinator and immediately reviewed and processed at the Second Level. See Cal. Code Regs. tit. 15, § 3084.9(a)(B)(2), (5). There are no time limits for filing staff complaints under PREA, although the complaint will be processed as a regular staff complaint unless designated an emergency. Id., § 3084.9(a)(B)(5)(A).

### F. Plaintiff's Ninth Amendment Claim is Not Cognizable

Plaintiff alleges a violation of the Ninth Amendment. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg, 791 F.2d at 748; accord Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991); Montana Caregivers Ass'n, LLC v. United States, 526 F. App'x 756, 758 (9th Cir. 2013) (unpublished); see also San Diego Cty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (rejecting argument that Ninth Amendment encompasses right to bear firearms). The Ninth Circuit has never recognized the Ninth Amendment as a valid ground for a claim under section 1983. Nickler v. Cty. of Clark, 752 F. App'x 427, 429 (9th Cir. 2018). The Ninth Amendment is simply a rule on how to read the constitution. Montana Caregivers Ass'n, LLC v. United States, 841 F.Supp.2d 1147, 1150 (D. Mont. 2012), aff'd, 526 F. App'x 756 (9th Cir. 2013). Causes of action based on the Ninth Amendment fail to state a legal claim. Ralls v. Facebook, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016); Carrillo v. United States Dep't of Justice, 2020 WL 3035156, at *8 (E.D. Cal. June 5, 2020) (Plaintiff cannot state a cognizable claim that the denial of his FTCA claim violates the Ninth Amendment). Accordingly, Plaintiff cannot state a claim under the Ninth Amendment.

### G. False Reports

Prisoners do not have a right to be free from false accusations. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the

fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983))

### H. Title 15

It appears that Plaintiff is attempting to state a violation of Title 15 of the California Code of Regulations. However, a violation of a state regulation does not give rise to a constitutional violation. See, e.g., Jones v. Woodward, No. 1:14-cv-02084-LJO-SAB (PC), 2016 WL 7374585, at *10 (E.D. Cal. Dec. 19, 2016) ("A violation of state regulations or prison policies, standing alone, cannot form the basis of a viable section 1983 claim.") (citing West v. Atkins, 487 U.S. 42, 48 (1988)); see also Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may plaintiff pursue them under § 1983. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Cox v. Kernan, No. 2:19-CV-1637 DB P, 2020 WL 1812134, at *4 (E.D. Cal. Apr. 9, 2020) (plaintiff failed to state a section 1983 claims for a violation of Title 15 of the California Code of Regulations where the hearing officer also was the investigator).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **August 5, 2020**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

12