# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>            Plaintiff,<br><br>       v.<br><br>CALDERON,<br><br>            Defendant. | Case No.  1:20-cv-00397-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Terrence Jesse Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 5, 2010, the Court screened Plaintiff's complaint and granted leave to amend.  Plaintiff's first amended complaint, filed on August 20, 2020, is currently before the Court for screening.  (ECF No. 12.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

1

as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Allegations in Complaint

Plaintiff is currently housed in California State Prison at Corcoran (Corcoran). The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison (KVSP). Plaintiff names S. Calderon, Correctional Officer, as the sole defendant.

Plaintiff alleges as follows.[1] In Claim I, Plaintiff alleges a violation of her Eighth Amendment rights. Defendant Calderon knew that Plaintiff was a transgender inmate and Plaintiff does not have to show her breasts. When Defendant told Plaintiff "I know you're transgender! I don't think you get it, I'll screw you over if you don't do what I say and you won't be getting out of prison anytime soon. Now show me your tits since you think you're a woman." There was no penological justification or goal for that and the statement was so extreme, even for a prison setting and was calculated to and did cause Plaintiff severe psychological harm. The prison was on lockdown and no movement except one cell at a time. Plaintiff went to shower while no other staff or inmates were around so Plaintiff posed no threat to anyone. Plaintiff was completely alone. Defendant Calderon was not attempting to maintain any form of security or enforce any rule or prevent any breach of security. Plaintiff alleges Calderon was not advancing a legitimate correctional goal and no legitimate penological interest in taking Plaintiff's shirt off.

In Claim II, Plaintiff alleges retaliation against by Defendant Plaintiff. Plaintiff alleges that Defendant Calderon threatened to retaliate against Plaintiff on June 14, 2019 to prevent

---

[1] Plaintiff alleges that Plaintiff is a male-to-female transgender woman, and uses the preferred pronouns of "she" and "her."

2

Plaintiff from writing a grievance. After Plaintiff told Calderon that Plaintiff would be filing a grievance against him, Defendant Calderon said, "I'll bet you won't. You faggots think you have so many rights. Since you're write a grievance on me you'll regret it because I'm writing a 115 on you." Plaintiff asked why she was getting a 115, and Calderon replied, "Two can play that game. I'm about to make your time at Kern Valley hell now. You're going to wish you were dead!" He followed through with his threat and abused his power to sexually harass Plaintiff and retaliate against Plaintiff. Plaintiff suffered mental distress and attempted to take her life two times from the effect of Defendant Calderon's actions. Once Plaintiff knew that Calderon wrote her up falsely, Plaintiff backed out of filing her staff complaint for fear of further retaliation. Plaintiff later filed the staff complaint against Calderon.

Plaintiff seeks monetary damages against Defendant.

### III. Discussion

Plaintiff's complaint does not state a cognizable claim for relief.

**A. Sexual Harassment**

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). As "sexual assault serves no valid penological purpose ... where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum,
> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not extend to all forms of sexual harassment. Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Patrick v. Hernandez, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself.); Bearchild, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution).

Here, Plaintiff has not alleged she was sexually assaulted. Plaintiff must therefore allege that there were no legitimate penological objective and that the statement made was so extreme even for a prison setting and was calculated to cause psychological harm. Plaintiff alleges that Defendant Calderon told Plaintiff to remove her shirt. Plaintiff's conclusory allegations that there was not a legitimate penological reason for requiring plaintiff to remove his shirt to go to the

4

shower are insufficient. Plaintiff also alleges in conclusory fashion that the statement was unusually gross even for a prison setting and is calculated to and does cause plaintiff psychological damage. Significantly, sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983. See Osborn v. Wishchuen, 2020 WL 4697990, at *2 (D. Ariz. Aug. 13, 2020) (dismissed as a non-cognizable claim on screening by transgender female for harassment where officer told Plaintiff "take your shirt off let me see if you have boobs. This is a mans run!" and riled up the pod against Plaintiff.) The allegations contained in the complaint were not "unusually gross" nor do they appear calculated to cause plaintiff psychological damage. Accordingly, even though plaintiff has concluded that she suffered emotion damage as a result, she has not stated facts sufficient to show that she suffered sexual abuse sufficient to rise to the level of an Eighth Amendment violation. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

### B. Retaliation in Violation of the First Amendment

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this' ") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

1985)).

The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017)  The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. Entler, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.); see also McLaughlin v. Castro, No. 1:17-CV-1597-DAD-JLT (PC), 2019 WL 2544422, at *3 (E.D. Cal. June 20, 2019), report and recommendation adopted, No. 1:17-CV-01597-DAD (JLT), 2019 WL 4244529 *3 (E.D. Cal. Sept. 6, 2019) (finding sufficient retaliation claim where guard initiated false charges against inmate after inmate stated he would file a grievance against guard).

Plaintiff can state a cognizable claim against defendant Calderon because Plaintiff alleges no facts demonstrating that Defendant Calderon took an adverse action against Plaintiff based on Plaintiff's protected conduct. Rather, Plaintiff sets forth one verbal interaction with Calderon, none of which identifies Calderon's involvement in any alleged false rules violation report. Plaintiff alleges conclusory allegations that alleged the action did not reasonably advance a legitimate correctional goal in light of whether there was a penological interest involved.  Plaintiff was previously informed that her complaint must be full and complete without reference to any other pleading.  Despite being provided relevant pleading standards, Plaintiff has been unable to cure the defects in this claim.

**C. False Reports**

To the extent Plaintiff is claiming she was falsely accused, Prisoners do not have a right to be free from false accusations. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808

6

F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983))

### IV.     Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2020**          /s/ Barbara A. McAuliffe          _
UNITED STATES MAGISTRATE JUDGE