UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JESSE MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>S. CALDERON,<br><br>        Defendants. | No. 1:20-cv-00397-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 14) |

Plaintiff Terrence Jesse Moore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2020, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim. (Doc. No. 14.) In particular, the magistrate judge found that, despite the guidance provided in the screening order addressing plaintiff's original complaint, in her amended complaint plaintiff again had failed to state a cognizable Eighth Amendment claim against defendant because she did not allege "facts

---

[1] Plaintiff alleges that she is a male-to-female transgender woman, and uses the preferred pronouns of "she" and "her."

1

sufficient to show that she suffered sexual abuse" (*id.* at 5), and also failed to state a cognizable First Amendment retaliation claim because plaintiff did not allege "facts demonstrating that Defendant Calderon took an adverse action against Plaintiff based on Plaintiff's protected conduct," (*id.* at 6). Given plaintiff's repeated failure to allege facts sufficient to state cognizable claims and her prior opportunity to amend, the magistrate judge also found that granting leave for further amendment would be futile and recommended dismissal of this action without further leave to amend. (*Id*. at 7.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*.) On September 10, 2020, plaintiff timely filed objections to the pending findings and recommendations. (Doc. No. 15.)

In her objections, plaintiff primarily contends that the pending findings and recommendations inaccurately characterized some of the allegations of her FAC. (*Id.*) First, plaintiff objects to the characterization of her allegation regarding what defendant told her when she went to the shower because she "did not simply allege that he made me take my shirt off[,] I alleged that he told me to show him my 'tits' since I think I'm a woman or he'd screw me over." (*Id.* at 1.) The undersigned has reviewed plaintiff's FAC and concludes that the findings and recommendations accurately summarized plaintiff's allegations as follows:

> Defendant Calderon knew that Plaintiff was a transgender inmate and Plaintiff does not have to show her breasts. When Defendant told Plaintiff "I know you're transgender! I don't think you get it, I'll screw you over if you don't do what I say and you won't be getting out of prison anytime soon. Now show me your tits since you think you're a woman." There was no penological justification or goal for that and the statement was so extreme, even for a prison setting and was calculated to and did cause Plaintiff severe psychological harm. The prison was on lockdown and no movement except one cell at a time. Plaintiff went to shower while no other staff or inmates were around so Plaintiff posed no threat to anyone. Plaintiff was completely alone. Defendant Calderon was not attempting to maintain any form of security or enforce any rule or prevent any breach of security. Plaintiff alleges Calderon was not advancing a legitimate correctional goal and no legitimate penological interest in taking Plaintiff's shirt off.

(Doc. No. 14 at 2.)

/////

Second, plaintiff similarly objects to the purported mischaracterization of her allegation that "Defendant Calderon told plaintiff to remove her shirt." (Doc. No. 15 at 1.) Plaintiff objects to the magistrate judge's finding that "Plaintiff's conclusory allegations that there was not a legitimate penological reason for requiring plaintiff to remove his shirt to go to the shower are insufficient," and argues that the magistrate judge incorrectly characterized the allegedly harassing statement as defendant telling plaintiff to remove her shirt—not, as plaintiff alleges, defendant telling her to "show me your tits." (*Id.*) According to plaintiff, she alleged in FAC that defendant specifically "ordered me to show him my breasts simply to see my breasts," and it is that statement that forms the basis of her Eighth Amendment claim. (*Id.*)

However, even if the court evaluates the sufficiency of plaintiff's allegations as she has characterized them in her objections, the undersigned concludes that plaintiff has still failed to state a cognizable Eighth Amendment claim. As the magistrate judge correctly found, plaintiff's allegations do not involve defendant touching her, and she has not alleged that she was sexually assaulted. (Doc. No. 14 at 4–5.) In addition, the magistrate judge correctly stated the applicable legal standard and concluded that in order to state a cognizable Eighth Amendment sexual harassment claim, plaintiff "must therefore allege that there [was] no legitimate penological objective *and* that the statement made was so extreme even for a prison setting and was calculated to cause psychological harm." (*Id.* at 4) (emphasis added) (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (holding that dismissal of verbal harassment claim was proper where plaintiff had not shown that the prison guards' "disrespectful and assaultive comments" were "unusually gross even for a prison setting and were calculated to and did cause him psychological damage")); *see also Blacher v. Johnson*, 517 F. App'x 564 (9th Cir. 2013) (concluding that "[t]he district court properly dismissed Blacher's claim of sexual harassment because the Eighth Amendment's protections do not extend to mere verbal sexual harassment").[2] Here, though defendant's alleged statement telling plaintiff to show him her tits would clearly be highly inappropriate, deeply offensive and disrespectful, and would serve no

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  legitimate penological objective, court decisions addressing such claims do not support a
2  conclusion that those alleged comments can be characterized as "unusually gross even for a
3  prison setting" or as being calculated to cause plaintiff psychological damage.  *See Reed v.*
4  *Racklin*, No. 17-cv-0799-WBS-AC, 2019 WL 4745266, at *1, 4–5 (E.D. Cal. Sept. 30, 2019),
5  *report and recommendation adopted*, No. 17-cv-0799-WBS-AC, 2019 WL 5566441 (E.D. Cal.
6  Oct. 29, 2019) ("Unfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in
7  nature, does not without more violate the Constitution.") (collecting cases);  *Patrick v.*
8  *Hernandez*, No. 2:17-cv-1206-MCE-CKD, 2018 WL 5095130, at *1, *3 (E.D. Cal. Oct. 17,
9  2018) *report and recommendation adopted*, Nov. 27, 2018, Doc. No. 20) (finding that plaintiff
10  failed to state a claim for verbal sexual harassment in violation of the Eighth Amendment despite
11  his allegations that defendant verbally harassed him by telling plaintiff to "suck my dick," "lick
12  my nuts," and "you want it in the ass," and by "pressuring him to expose his penis by looking at
13  his crotch, then looking him in the eyes, nodding yes, and then looking back at his crotch"); *see*
14  *also Fowler v. Sisolak*, No. 19-cv-01418-APG-DJA, 2020 WL 6270276, at *7 (D. Nev. Oct. 26,
15  2020), *order clarified*, 2020 WL 7495430 (D. Nev. Dec. 18, 2020) (finding an allegation that a
16  guard told a prisoner who was known to be suicidal, had attempted suicide in the past and had not
17  received his medication to go kill himself was arguably gross even for a prison setting but that
18  alleged comments by the guard to the prisoner of "shut yo gay ass up," and "suck [my] dick,")
19  were not actionable); *Baker v. Battad*, No. 19-cv-1438-AJB-BLM, 2020 WL 487411, at *1, *4
20  (S.D. Cal. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 3451329 (S.D. Cal.
21  June 24, 2020) ("finding three alleged comments made by a prison guard to the plaintiff were
22  sexual in nature and highly inappropriate but were "not unusually gross for a prison setting" and
23  noting that courts have found even worse comments made in the prison setting not to be
24  actionable); *Horton v. Billingsley*, No. 18-cv-1951-RGK-GJS, 2019 WL 7630863, at *4 (C.D.
25  Cal. Dec. 3, 2019), *report and recommendation adopted*, 2020 WL 362634 (C.D. Cal. Jan. 20,
26  2020); *Thompson v. Cagle*, No. 18-cv-01020-LJO-EPG, 2019 WL 4392411, at *2, *3 (E.D. Cal.
27  Sept. 13, 2019), *report and recommendation adopted*, 2019 WL 5308994 (E.D. Cal. Oct. 21,
28  2019); *Grisham v. Cty. of Los Angeles*, No. 16-cv-8079-PA-PLA, 2019 WL 2360897, at *10-11

(C.D. Cal. Apr. 26, 2019), *report and recommendation adopted*, 2019 WL 2358914 (C.D. Cal. June 3, 2019) ("Mere laughing, lustful looks, or verbal sexual harassment during a search does not generally rise to the level of an Eighth Amendment violation.") (collecting cases); *Cruz v. Savoie*, No. 17-cv-01474-DAD-BAM, 2018 WL 2356761, at *1 (E.D. Cal. May 24, 2018), *report and recommendation adopted sub nom. Cruz v. Savoie*, 2018 WL 3655885 (E.D. Cal. July 31, 2018).

The comments allegedly made by the defendant here are obviously highly offensive and completely and totally inappropriate. In light of the sheer number of cases in which such highly inappropriate comments of a sexual nature are allegedly made in the prison setting, perhaps it is time for the Ninth Circuit to reevaluate and address the contours of those circumstances in which the comments are sufficiently "gross even for a prison setting" and to lead to an inference of being calculated to cause psychological damage, so as to state a cognizable Eighth Amendment claim. *See Keenan*, 83 F.3d at 1092. Until and unless that happens, however, "[u]nfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in nature, does not without more violate the Constitution." *Reed*, 2019 WL 4745266, at * 4–5. Accordingly, the magistrate judge's determination that plaintiff has failed to state a cognizable Eighth Amendment claim based upon the alleged offensive verbal harassment of a sexual nature will be adopted.

With regard to her retaliation claim, plaintiff does not object to the pending findings and recommendations or otherwise address the magistrate judge's analysis as to that claim. The undersigned agrees with the analysis as set forth in the findings and recommendations, which properly conclude that plaintiff has failed to allege a cognizable First Amendment retaliation claim. The undersigned also agrees with the magistrate judge's finding that granting further leave to amend would be futile in this case. (Doc. No. 14 at 7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

/////

Accordingly,

1. The findings and recommendations issued on August 25, 2020 (Doc. No. 14) are adopted;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 19, 2021**

UNITED STATES DISTRICT JUDGE